IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS TREVINO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-48 |
| | § | |
| WILLACY STATE JAIL, | § | |
| Respondent. | § | |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 18, 2019, Plaintiff Luis Trevino filed a prisoner civil rights suit against Defendant "Willacy State Jail." Dkt. No. 1. Trevino's suit revolves around injuries he suffered from allegedly faulty woodworking equipment used at the jail.

On March 29, 2019, the Court ordered Trevino to file an amended complaint that addressed certain deficiencies in his original complaint. Dkt. No. 8. On June 18, 2019, the Court ordered Trevino to show cause as to why an amended complaint had not been filed. Dkt. No. 19. Trevino has not responded to either of these orders.

After reviewing the record and the relevant case law, it is recommended that Trevino's complaint be dismissed without prejudice for want of prosecution, pursuant to FED. R. CIV. P. 41(b).

### **I. Background**

The facts in the complaint are sparse. Trevino was incarcerated at the Willacy County State Jail. Dkt. No. 1. On March 2, 2018, Trevino was working in the prisoner woodshop, when he suffered an "injury of plaintiff's hand and severed finger." Id.; Dkt. No. 2, p. 1. Trevino does not elaborate on what medical care he received after the accident.

Trevino asserts that he was "forced to work with hazardous equipment. Dkt. No. 1, p. 2. He pled no facts showing that any jail employee was aware that the equipment was defective or hazardous.

On March 18, 2019, Trevino sued the "Willacy State Jail" under a theory of deliberate indifference. Dkt. No. 1.  When the case was filed, Trevino was incarcerated at the Darrington Unit in Rosharon, Texas. Id.

The case was filed in the Southern District of Texas, Houston Division.  On March 21, 2019, the case was transferred to this Court. Dkt. No. 7.

On March 29, 2019, the Court issued an order, which noted several deficiencies with Trevino's complaint. Dkt. No. 8.  The Court noted that the "Willacy State Jail" is not a proper defendant, but that individual jail officials could be proper defendants — if Trevino pled facts showing that those officials were aware of the faulty equipment and deliberately chose not to take action to prevent that harm. Id.  The Court ordered Trevino to file an amended complaint, no later than April 19, 2019, which rectified these deficiencies. Id.

On April 16, 2019, Trevino filed a motion for an extension of time to file his amended complaint – which shows that Trevino was aware of the Court's order. Dkt. No. 11. On that same day, the Court granted the motion, giving Trevino until May 28, 2019, to file the amended complaint. Dkt. No. 12.

Trevino was apparently moved from the Darrington Unit during this time period and the order was eventually mailed to him at the Nueces County Jail. Dkt. Nos. 17, 18.  A Nueces County Jail employee signed for the order and it was not refused on the basis that he was no longer incarcerated there as some previous attempts were. Dkt. No. 18 (signed certified mail receipt); Dkt. Nos. 14, 16 (other jails returning mail on the basis Trevino was no longer housed there).

On June 18, 2019, the Court issued a show cause order for Trevino to file an amended complaint, no later than July 5, 2019. Dkt. No. 19.  The order noted that Trevino could satisfy the show cause order by filing an amended complaint by that date. Id.

Again, a Nueces County Jail employee signed for the order and it was not refused on the basis that he was no longer incarcerated there. Dkt. No. 21.

As of today's date, no amended complaint has been filed and Trevino has not filed a motion seeking an extension of time to file an amended complaint.

**II. Applicable Law**

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). Generally, such dismissals are without prejudice, so long as the application of the statute of limitations would not automatically bar a future complaint. See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992) ("Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice.").

**III. Analysis**

In analyzing Trevino's claims, the Court is required to construe allegations by pro se litigants liberally, to ensure that his claims are given fair and meaningful consideration, despite his unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

The Court is faced with competing considerations in resolving this case. On one hand, Trevino has filed a deficient complaint and has not responded to multiple efforts to prod him into filing a well-pled complaint. The Court has the "inherent power to control its docket and prevent undue delays in the disposition of pending cases." Francois v. City of Gretna, 668 F. App'x 574, 575 (5th Cir. 2016) (quoting Boudwin v. Graystone Ins. Co. Ltd., 756 F.2d 399, 401 (5th Cir. 1985)). Indeed, the facts in the complaint are so sparse that the Court could dismiss this case with prejudice for failure to state a claim upon which relief can be granted. Trevino has been given the opportunity to amend his complaint and has not taken advantage of that opportunity. See Brewster v. Dretke, 587 F.3d 764, 767–68 (5th Cir. 2009) ("a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed").

The countervailing consideration is that the facts which have been pled indicate that Trevino's finger was amputated as a result of faulty woodworking equipment and unidentified prison officials may have been aware of the dangers posed by the equipment.

3

Dkt. No. 1. Accordingly, the complaint raises at least the inference of very serious harm being inflicted on a prisoner and jail officials consciously choosing to ignore the risk of that harm. If those allegations are true, then Trevino deserves to be heard.

The Court finds that the best course of action is to dismiss Trevino's complaint without prejudice, pursuant to FED. R. CIV. P. 41(b) for want of prosecution. This would prevent undue delay in the disposition of this case, but would also permit Trevino to pursue his claim again before the statute of limitations expires.

The statute of limitations for § 1983 suits "is determined by the general statute of limitations governing personal injuries in the forum state." Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). In Texas, the statute of limitations for personal injury cases is two years. Pena v. Texas Med. Bd., 675 F. App'x 465, 467 (5th Cir. 2017) (citing TEX. CIV. PRAC. & REM. CODE § 16.003).

Trevino's injury apparently occurred on March 2, 2018. Dkt. No. 2. Thus, the statute of limitations would permit him to file a new case – presumably with a better-pled complaint – no later than March 2, 2020.

## IV. Recommendation

It is recommended that the complaint filed by Luis Trevino be dismissed without prejudice for want of prosecution, pursuant to FED. R. CIV. P. 41(b).

The parties have fourteen days (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings

on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on August 5, 2019.

_____
Ronald G. Morgan
United States Magistrate Judge